# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALEXANDER CRUZ DIAZ** | : CIVIL ACTION |
| | : |
| v. | : |
| | : |
| **J.L. JAMISON**, in his official capacity as Warden of Federal Detention Center, Philadelphia, **BRIAN MCSHANE**, in his official capacity as Acting Philadelphia Field Office Director, United States Immigration and Customs Enforcement, **TODD LYONS**, in his official capacity as Acting Director of Immigration and Customs Enforcement, **KRISTI NOEM**, in her official capacity as Secretary of the Department of Homeland Security, **THE U.S. DEPARTMENT OF HOMELAND SECURITY, PAMELA BONDI,** Attorney General of the United States | : : : : : : : : : : : : NO. 26-10 |

## ORDER

**NOW**, this 7th day of January, 2026, upon consideration of Petitioner Alexander Cruz Diaz's Petition for Writ of Habeas Corpus (Doc. No. 1) and the government's opposition, **IT IS ORDERED** that the petition is **GRANTED**.

**IT IS FURTHER ORDERED** that:

1. Cruz Diaz is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. The government shall release Cruz Diaz from custody immediately and certify compliance with this order by filing proof of his release on the docket no later than **5:00 P.M. E.T.** on **January 7, 2026**.

3. The government is temporarily enjoined from re-detaining Cruz Diaz for seven days following his release from custody.

4.	If the government pursues re-detention of Cruz Diaz, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

5.	The government shall not remove, transfer, or otherwise facilitate the removal of Cruz Diaz from the Eastern District of Pennsylvania prior to the ordered bond hearing.

6.	If the immigration judge determines Cruz Diaz is subject to detention under 8 U.S.C. § 1226(a), the government may request permission to move Cruz Diaz if unforeseen or emergency circumstances arise that require his removal from the Eastern District of Pennsylvania.  That request must set forth the grounds for the request and a proposed destination.[1]

_____
TIMOTHY J. SAVAGE, J.

---

[1] Cruz Diaz, a citizen of El Salvador, entered the United States in 2011 without inspection or detention.  Pet. Writ Habeas Corpus ("Pet."), at 2, ECF No. 1.  On December 30, 2025, ICE detained Cruz Diaz outside his home without stated justification.  *Id.*  He has since been held at the Federal Detention Center in Philadelphia, and has been unable to seek review of his custody determination by an immigration judge.  *Id.* at 2, 14.

The government contends that detaining Cruz Diaz without a bond hearing is lawful under 8 U.S.C. § 1225(b)(2).  *See* Resp. Opp. to Pet. Habeas Corpus and Mot. for Restraining Order, at 10–16, ECF No. 4.  Section 1225(b)(2) does not apply to individuals like Cruz Diaz, who are not actively trying to enter the country, but have been living here for an extended period.  *See Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *1, *4–5 (E.D. Pa. Nov. 18, 2025).  The provision that applies to Cruz Diaz is 8 U.S.C. § 1226(a).  That provision mandates a hearing.  *See* 8 C.F.R. §§ 1236.1(c)(8), (d).

We have held in a nearly identical case where the parties made the same arguments that detention without a bond hearing violates 8 U.S.C. § 1226(a) and the Due Process clause of the Fifth Amendment. *See Diallo v. O'Neill et al.*, Civ. A. No. 25-6358, 2025 WL 3298003, at *4–6 (E.D. Pa. Nov. 26, 2025).  The same reasoning applies here.